UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN GAMBLE,

                      Plaintiff,

                                                                  9:06-CV-1182
v.                                                                   (GTS/GJD)

T. ALLEN, Prison Guard,

                      Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

KEVIN GAMBLE, 00-A-6625
   Plaintiff, *Pro Se*
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011

HON. ANDREW M. CUOMO                         DEAN J. HIGGINS, ESQ.
Attorney General for the State of New York        Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, NY 12224-0341

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court in this *pro se* prisoner civil rights action are Defendant's motion for summary judgment (Dkt. No. 32), and United States Magistrate Judge Gustave J. DiBianco's Report-Recommendation recommending that Defendant's motion be granted (Dkt. No. 36). For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendant's motion is granted in its entirety.

I.      **RELEVANT BACKGROUND**

      A.      **Plaintiff's Complaint and *In Forma Pauperis* Status**

On September 18, 2006, Plaintiff filed his Complaint in this action asserting an excessive force claim against T. Allen, a Prison Guard at Attica Correctional Facility ("Defendant"). (Dkt. No. 1, at 17 [Plf.'s Compl., dated Sept. 18, 2006].) Generally, in his Complaint, Plaintiff alleges that Defendant assaulted him on August 28, 2006, after his daily shower. (*Id*. at ¶ 6.) Plaintiff seeks monetary and punitive damages in the amount of Two Hundred Fifty Thousand ($250,000) as a result of this alleged assault. (*Id*. at ¶ 9.)

In his verified form Complaint, Plaintiff responded "Yes" in response to the question "Have you ever filed any other lawsuits in any state and federal court relating to your imprisonment?" (Dkt. No. 1, ¶ 5[a].) However, in response to the next question demanding a list of "any and all [such] lawsuits, currently pending or closed," Plaintiff swore that there was only *one* such lawsuit–*Gamble v. Monette*, 06-CV-0979, Complaint (N.D.N.Y. filed Aug. 11, 2006) (Scullin, J.). (*Id.* at ¶ 5[b].) Indeed, at the time Plaintiff made that statement, he had filed numerous other such lawsuits. (*See* Dkt. No. 36, at 13-16, & n.9 [citing cases].)

Along with his Complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (Dkt. Nos. 2-3.) On October 12, 2006, Magistrate Judge DiBianco granted that motion. (Dkt. No. 4.) In so doing, Magistrate Judge DiBianco made only a passing reference to Plaintiff's prior actions in this District, apparently in reliance on Plaintiff's representation, in Paragraph 5(b) of his sworn Complaint, that his litigation history was minimal. (*Id*. at 1, n.1.)

### B. Defendant's Motion for Summary Judgment

On June 27, 2008, Defendant filed a motion for summary judgment seeking dismissal of the Complaint in its entirety for Plaintiff's failure to exhaust administrative remedies. (Dkt. No. 32.) Defendant's motion contained an adequate notice to Plaintiff of the consequences of failing to oppose the motion. (Dkt. No. 32, Part 2.) Despite having received this notice, Plaintiff did not submit a response to Defendant's motion. (*See generally* Docket Sheet.)

### C. Magistrate Judge DiBianco's Report-Recommendation

On March 23, 2009, Magistrate Judge DiBianco issued a Report-Recommendation recommending that Defendant's motion be granted and that Plaintiff's Complaint be dismissed in its entirety due to Plaintiff's failure to exhaust his available administrative remedies before filing suit. (Dkt. No. 36.) Magistrate Judge DiBianco further recommended that, in the event that the Court finds that a question of fact exists as to whether Plaintiff exhausted his available administrative remedies before filing suit, Plaintiff's *in forma pauperis* status be revoked pursuant to 28 U.S.C. Section 1915(g), as having been improvidently granted. (*Id.*) Familiarity with the grounds of Magistrate Judge DiBianco's Report-Recommendation is assumed in this Decision and Order, and only those facts necessary to the discussion will be set forth herein.

On April 17, 2009, Plaintiff submitted his Objection to the Report-Recommendation. (Dkt. No. 38.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review on Objection from Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1]  On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]  *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

      **B.**      **Standard Governing Motion for Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact."  *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the moving party has met this initial responsibility, the nonmoving party must come forward with "specific facts showing a genuine issue [of material fact] for trial."  Fed. R. Civ. P. 56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248.  As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2).  As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts." [citations omitted].  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.³ (This is because the Court extends special solicitude to the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)⁴ As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.⁵ For this reason, this Court has often enforced Local Rule 7.1(a)(3) by

---

    ³    *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

    ⁴    *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept. 18, 2006) (McAvoy, J.) ("When dealing with a *pro se* party, certain procedural rules apply so as to insure that the *pro se* litigant is not disadvantaged by the lack of legal training. In this regard, the Local Rules require that [a *pro se* party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a *pro se* plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted].

    ⁵    *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S.

deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has failed to properly respond to that statement[6]–even where the nonmoving party was proceeding *pro se* in a civil rights case.[7]

---

168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . . This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[6]   Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[7]   *See*, *e.g.*, *Hassig v. N.Y.S. Dep't of Envtl. Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito,* 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455, 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at

## III.    ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge DiBianco's Report-Recommendation and Plaintiff's Objection thereto, the Court rejects each of Plaintiff's objections, and agrees with each of the conclusions offered in the Report-Recommendation.  Magistrate Judge DiBianco employed the proper legal standards, accurately recited the undisputed material facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation in its entirety, for the reasons stated therein.  The Court would add only three points.

First, because Plaintiff failed to respond to Defendant's motion after being given due notice of the consequences of failing to so respond, Defendant's burden on his unopposed motion has been lightened such that, in order to succeed, he need only to "demonstrate entitlement" to the relief requested by presenting an argument that is "facially meritorious."  *See Douglas v. Smith*, 05-CV-1000, 2009 WL 789450, at *7, nn.12-14 (N.D.N.Y. March 20, 2009) (Suddaby, J.) (collecting cases).  At the very least, Defendant has met this lightened burden.

Second, even if the Court were to subject Defendant's motion to the more rigorous scrutiny appropriate for contested motions, the Court would find that Defendant has met his burden.  In his Objection to the Report-Recommendation, Plaintiff argues, *inter alia*, that he did in fact exhaust his administrative remedies for the following reasons: (1) when he attempted to file a formal grievance, he was told that there were no more grievance complaint forms available,

---

*1, n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its business").

and that he could therefore write out his complaint on a sheet of paper; (2) he subsequently did so, sending his letter of complaint to "Inmate Grievance"; (3) he subsequently appealed the denial of that complaint to Clinton Correctional Facility Superintendent Dale Artus; (4) at some point, he sent a letter of complaint to the Inspector General; and (5) at some point of time, he sent a letter of complaint to the Central Office Review Committee ("CORC"). (Dkt. No. 38, at 1-2.)

The Court is not persuaded by Plaintiff's argument (which was already anticipated, and rejected, by Magistrate Judge DiBianco). The inability to file a grievance (like the denial of a grievance or a non-response to a grievance) must be appealed to the superintendent and then to CORC, in order for the exhaustion process to be complete.[8] Setting aside the issue of whether Plaintiff's letter complaint sent to Superintendent Artus constituted a "grievance," the Court can find no admissible record evidence that Plaintiff appealed to CORC from Superintendent Artus'

---

[8] "[A]ny failure by the [Inmate Grievance Review Committee] or the superintendent to timely respond to a grievance or first-level appeal, respectively, can be appealed to the next level, including CORC, to complete the grievance process." *Sheils v. Brannen*, 05-CV-0135, 2008 WL 4371776, at \*6, n.24 (N.D.N.Y. Sept. 18, 2008) (Kahn, J., adopting Report-Recommendation of Lowe, M.J.) (collecting cases), *accord*, *Murray v. Palmer*, 03-CV-1010, 2008 WL 2522324, at \*15, n.46 (N.D.N.Y. June 20, 2008) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); *Shaheen v. McIntyre*, 05-CV-0173, 2007 WL 3274835, at \*14, n.114 (N.D.N.Y. Nov. 5, 2007) (McAvoy, J., adopting Report-Recommendation of Lowe, M.J.); *see also* 7 N.Y.C.R.R. § 701.6(g) ("[M]atters not decided within the time limits may be appealed to the next step."); *Croswell v. McCoy*, 01-CV-0547, 2003 WL 962534, at \*4 (N.D.N.Y. March 11, 2003) (Sharpe, M.J.) ("If a plaintiff receives no response to a grievance and then fails to appeal it to the next level, he has failed to exhaust his administrative remedies as required by the PLRA."); *Reyes v. Punzal,* 206 F. Supp.2d 431, 433 (W.D.N.Y. 2002) ("Even assuming that plaintiff never received a response to his grievance, he had further administrative avenues of relief open to him."); *Nimmons v. Silver*, 03-CV-0671, Report-Recommendation, at 15-16 (N.D.N.Y. filed Aug. 29, 2006) (Lowe, M.J.) (recommending that the Court grant Defendants' motion for summary judgment, in part because plaintiff adduced no evidence that he appealed the lack of a timely decision by the facility's IGRC to the next level, namely to either the facility's superintendent or CORC), *adopted by* Decision and Order (N.D.N.Y. filed Oct. 17, 2006) (Hurd, J.).

denial of such a grievance. Attached to Plaintiff's Complaint are, *inter alia*, letter complaints addressed to "Inmate Grievance," "Superintendent Dale Artus," and the "Central Office Review Committee." (Dkt. No. 1, at 18-19, 22-23.) However, they each appear to be dated August 28, 2006. (*Id.*) Granted, the letter to CORC references events occurring on "August 29, 2006. (*Id.* at 23.) However, there is no indication, in that letter, that Plaintiff had yet exhausted the administrative remedies available from Superintendent Artus. To the contrary, Plaintiff's letter to CORC (requesting that an investigation be conducted) suggests that the Superintendent Artus' investigation had not yet been conducted. (*Id.* at 22-23.) The Court notes that admissible record evidence exists establishing that Plaintiff had notice that such an investigation was in fact pending until approximately September 12, 2006. (Dkt. No. 32, Part 4, ¶¶ 3-8 [Artus Decl.]; Dkt. No. 32, Part 11, at 5, 7-31 [Ex. 5 to Def.'s Motion Papers Decl., attaching documents from file of Superintendent Artus].) Simply stated, Plaintiff could not appeal to CORC (in any meaningful sense) before he had completed his appeal to Superintendent Artus.

Third, even if the Court were to find the existence of a question of fact with regard to exhaustion, the Court would dismiss Plaintiff's Complaint as a sanction for making a sworn material misrepresentation to the Court. As described above in Part I.A., Plaintiff swore that, before filing this action (on September 18, 2006), he had filed only one federal court action relating to his imprisonment when in fact he had filed numerous such actions. This sworn misrepresentation was highly material (not simply because of Plaintiff's propensity for relitigating claims but) because (1) as of the date of filing, Plaintiff had acquired at least three "strikes" for purposes of 28 U.S.C. § 1915(g), and (2) Plaintiff's Complaint did not allege facts plausibly suggesting that, at the time of filing, he was under imminent danger of serious physical

injury.[9] Had Magistrate Judge DiBianco been properly notified of these "strikes" at the time he granted Plaintiff's motion to proceed *in forma pauperis* on October 12, 2006, he would have denied Plaintiff's motion and required him to pay the Court's three-hundred-fifty-dollar filing fee, and approximately two-and-one-half years of litigation (and the resulting litigation costs imposed on Defendant) would have been avoided. The Court has carefully considered less drastic sanctions and found them to be inadequate under the circumstances.[10]

For all of these alternative reasons, the Court grants Defendant's motion for summary judgment.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge DiBianco's Report-Recommendation (Dkt. No. 36) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 32) is **GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety; and it is further

---

[9] For example, three of these "strikes" came in the following actions: (1) *Gamble v. Cox*, 05-CV-1093, Judgment (N.D.N.Y. filed Feb. 13, 2006) (Scullin, J.) (*sua sponte* dismissing Plaintiff's *pro se* civil rights complaint for failure to file amended complaint that stated a claim upon which relief might be granted, as previously directed); (2) *Gamble v. Loran*, 05-CV-1088, Decision and Order (N.D.N.Y. filed Dec. 20, 2005) (Kahn, J.) (*sua sponte* dismissing Plaintiff's *pro se* civil rights amended complaint for failure to state a claim upon which relief might be granted pursuant to 28 U.S.C. § 1915[e][2][B], 28 U.S.C. § 1915A[b][1]); and (3) *Gamble v. Monette*, 05-CV-1095, Order of Dismissal (N.D.N.Y. filed Dec. 15, 2005) (Hurd, J.) (*sua sponte* dismissing Plaintiff's *pro se* civil rights amended complaint for failure to state a claim upon which relief might be granted).

[10] *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1993) (setting forth factors to be considered when dismissing an action pursuant to Fed. R. Civ. P. 41[b]). As the Court has previously observed, "District Judges from this Court have indicated a willingness to sanction *pro se* litigants for making such misrepresentations." *Welch v. Charlan*, 06-CV-0061, 2008 WL 5382353, at *1, n.6 (N.D.N.Y. Dec. 16, 2008) (Suddaby, J.) (collecting cases).

**ORDERED** that the Clerk of the Court shall enter judgment accordingly and close the file.

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

Dated: May 6, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge